## Ward v. Kirchdorfer.

(Decided October 1, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

Contracts—Indemnity—Construction.—Defendant and one Fritts, were stockholders in an automobile company, and were endorsers on certain notes held by the German Bank and on other notes held by the Stock Yards Bank. Fritts sold his stock to plaintiff under a contract by which plaintiff agreed to hold him harmless against the German Bank notes. Plaintiff then sold his stock to defendant under a contract by which defendant agreed to hold him harmless against the Stock Yards Bank notes, and "against all obligations of the said Automobile Company, and to protect the second party against any further liability to said company or its creditors on account of the second party being a stockholder in said company or for any other reason whatever, it being understood that payment of said $2,500.00 is a full satisfaction of all indebtedness of the second party to said company or on account thereof and of all liability of the second party as stockholder or otherwise of said company." Held, that the contract was not limited to obligations of the company which plaintiff was required to pay because of any contractual relation which he bore to the company or because of his relation as stockholder, but was sufficiently broad to cover the German Bank notes which were an obligation of the company, and which he was required to pay because of his contract to hold Fritts harmless.

CHAS. A. WICKLIFFE and SIDNEY SMITH for appellant.

O'NEAL & O'NEAL, TYLER BARNETT and ELLERBE W. CARTER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

J. C. Kirchdorfer and W. H. Fritts, together with other parties, were stockholders in the Kirchdorfer Automobile Company, and were endorsers on two notes aggregating $1,700, held by the German Bank, and on other notes aggregating $5,250, held by the Stock Yards Bank. On October 13, 1907, the two notes held by the German Bank fell due. After that time these notes were reduced by certain payments made thereon.

Subsequently J. H. Ward purchased from Fritts the latter's interest in said company, and as a part of the consideration agreed to hold Fritts harmless by reason of his endorsement on those notes. After Ward became connected with the company, the notes in the Stock Yards Bank fell due, and were thereafter renewed with Ward's name thereon as endorser in the place of Fritts, and were subsequently paid by Ward. On March 9, 1908, Ward sold and transferred his stock in the company to Kirchdorfer, and severed his connection with the company. On the same day Ward and Kirchdorfer entered into the following contract:

"This contract made this 9th day of March, 1908, by and between Joe Kirchdorfer, of Louisville, Kentucky, party of the first part, and John H. Ward, of Louisville, Kentucky, a party of the second part:

"Witnesseth: That both of said parties are now stockholders in the Kirchdorfer Automobile Company, a corporation, the party of the second part owning sixty shares of the stock thereof. That said parties of the first and second part are jointly endorsers on notes for said company aggregating the sum of $5,250.00, which said notes have been discounted and are now in the possession of the Stock Yards Bank of Louisville, Kentucky.

"Now the parties of the first and second parts agree as follows: That the party of the second part has this day paid to the party of the first part the sum of $2,500.00 and in consideration thereof the first party agrees to take up an cancel said notes and hold the second party harmless against the same and against his liability thereon, and further agrees to protect and hold the second party harmless against all obligations of the said automobile company, and to protect the second party against any further liability to said company or its creditors on account of the second party being a

stockholder in said company or for any other reason whatever, it being understood that payment of said $2,500.00 is a full satisfaction of all indebtedness of the second party to said company or on account thereof and of all liability of the second party as stockholder or otherwise of said company.

"It is further agreed that the second party will this day transfer and does transfer to the first party without recourse on the second party the said sixty shares of stock in said company. Witness our signatures the day and year above written."

When the notes held by the German Bank fell due they were not paid. Thereupon the bank brought suit and obtained a judgment thereon against the automobile company and the endorsers, Kirchdorfer and Fritts. Kirchdorfer being compelled to pay the judgment personally, sued Fritts as a co-surety for contribution, and obtained a judgment, which Fritts paid. Thereupon Ward, who, under a private contract between himself and Fritts, had purchased Fritts' stock and agreed to indemnify him against any loss by reason of his endorsement of the notes of the automobile company, paid the judgment obtained by Kirchdorfer against Fritts.

This action was brought by Ward against Kirchdorfer to recover the amount paid by the former on account of the Fritts judgment, on the ground that the sum so paid was covered by the indemnity contract above set out. A jury was empanelled, and the trial court, after hearing the evidence and considering the case, directed a verdict in favor of Kirchdorfer. Ward appeals.

Counsel for Kirchdorfer contend that the decision of the trial court was correct for the following reasons: Ward was not an endorser or surety on the notes held by the German Bank, nor was he liable on the notes because he was a stockholder. He was not required to pay the notes because they were a liability of the automobile company. He had to pay them on the sole ground that he had contracted with Fritts to save the latter harmless, and while the indemnity contract is broad enough to cover any liability of the company which he was required to pay because of his being a stockholder in the company, or because of any contractual relation making him liable for the debts of the company, it is not broad enough to cover a liability of the company which he was under no obligation to pay because of any relation that he sustained to the company, but which he had

to pay merely because of his private contract with Fritts by which he had agreed to indemnify the latter for any loss he sustained by reason of his endorsement of the notes in question. It will be observed that the indemnity contract, after specifying the notes held by the Stock Yards Bank, and providing that Kirchdorfer should hold Ward harmless so far as liability thereon was concerned, further provides as follows:

"And further agrees to protect and hold the second party (Ward) harmless against all obligations of the said automobile company, and to protect the second party against any further liability to said company or its creditors on account of the second party being a stockholder in said company or for any other reason whatever, it being understood that payment of said $2,500.00 is a full satisfaction of all indebtedness of the second party to said company or on account thereof and of all liability of the second party as stockholder or otherwise of said company."

In other words, Kirchdorfer agrees to protect and hold Ward harmless against all obligations of the said automobile company. In addition thereto he agrees to protect Ward against any further liabilities of the said company or its creditors, not only on account of Ward being a stockholder in said company, but "for any other reason whatever." Not only so, but it is distinctly provided that the payment of said $2,500 is a full satisfaction of all indebtedness of Ward to said company, or " on account thereof," and of all liability of Ward as stockholder "or otherwise" of said company. The notes in question were obligations of the automobile company, and are, therefore, necessarily included in the phrase "all obligations of the said automobile company." When Fritts paid the notes in question he became a creditor of the automobile company. The contract covers any further liability to said company or its creditors, not only on account of Ward being a stockholder, but "for any other reason whatever," which phrase is certainly broad enough to cover any further liability of the company which Ward had to pay, it matters not how that liability might arise. Besides these broad expressions, the intention of the parties is further shown by the use of the language that the sum paid was a full satisfaction "of all liability of the second party as stockholder or otherwise of said company." Here, then, we have a case where Kirchdorfer and Fritts were stock-

holders in a certain company. Fritts sold his stock to Ward under a contract whereby Ward agreed to hold him harmless on the notes in question. Thereafter Ward sold to Kirchdorfer under a contract by which Kirchdorfer agreed to hold Ward harmless, not merely against all liability of the automobile company which Ward might be required to pay because of his relation as stockholder, or because of any contract relation which he sustained to the company, but against all obligations of the company, and against any liability to the company or its creditors for any other reason whatever, and against all liability as stockholder "or otherwise of said company." It was, therefore, the evident intention of the parties that Kirchdorfer should simply step into Ward's shoes and assume and discharge every liability of the company that Ward was thereafter required to pay, it matters not how that liability arose. It follows that the trial court should have directed a verdict in favor of the plaintiff.

Judgment reversed and cause remanded for new trial consistent with this opinion.